OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

December 16, 1999

The Honorable Edwin E. Powell, Jr.
Coryell County Attorney
P.O. Box 796
113 South Seventh Street
Gatesville, Texas 76528

Opinion No. JC-0157

Re: When a county "initially" begins collecting fees and costs pursuant to section 51.702 of the Government Code for purposes of the statutory county court judges salary formula of section 25.0005(e) (RQ-0093-JC)

Dear Mr. Powell:

Section 25.0005, subsection (a), of the Government Code sets out a formula for determining the minimum salaries of statutory county court judges in counties that opt to collect fees and costs from civil litigants and convicted criminal defendants pursuant to section 51.702 of the Government Code. *See* TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2000). Generally, the formula ties the salaries of statutory county court judges, which are set by commissioners courts, to the salaries of district judges, which are set by the legislature. *Id.*

A county is not required to use the salary formula set out in subsection (a) if the county commissioners court raises the judge's salary within a certain period of time after the county "initially begins collecting fees and costs under section 51.702," and complies with other requirements set out in subsection (e):

> (e) A county is not required to meet the salary requirements of Subsection (a) for a particular court if:
>
> (1) not later than September 1 of the year in which the county initially begins collecting fees and costs under Section 51.702, the county increases the salary of each statutory county court judge in the county to an amount that is at least $28,000 more than the salary the judge was entitled to on May 1 of the year the county initially begins collecting fees and costs under Section 51.702;
>
> (2) the county pays at least the salary required by Subdivision (1);

(3) the county collects the fees and costs as provided by Section 51.702;

(4) the court has at least the jurisdiction provided by Section 25.0003; and

(5) except as provided by Subsection (f), the county uses at least 50 percent of the amount the county receives each state fiscal year under Section 25.0016 for salaries for the statutory county court judges.

*Id.* § 25.0005(e). Under section 51.702, the commissioners court of a county that wishes to collect the fees and costs must adopt a resolution authorizing the fees and costs. *Id.* § 51.702(f) (Vernon 1998). If the resolution is filed with the State Comptroller by June 1, the county may begin collecting the fees and costs for a twelve-month period beginning July 1. *Id.* In order to comply with subsection (e) of section 25.0005, the county must give its statutory county court judges a raise by September 1 of the year it initially begins collecting fees and costs. *See id.* § 25.0005(e) (Vernon Supp. 2000).

You ask us to determine when a court "initially" begins to collect fees and costs for purposes of subsection (e) of section 25.0005 of the Government Code. We conclude that a court initially begins to collect fees the very first year that a court begins collecting fees and costs pursuant to section 51.702 of the Government Code.

Your letter suggests that the phrase "initially begins collecting fees and costs under Section 51.702" might refer to "the option to collect fees that a county must exercise each year after 1995." Letter from Honorable Edwin E. Powell, Jr., Coryell County Attorney, to Honorable John Cornyn, Texas Attorney General (July 28, 1999) (on file with Opinion Committee). We note as a preliminary matter that we do not read section 51.702 as requiring a county to approve collection of the fees each year after 1995. An earlier version of section 51.702 authorized the collection of fees and costs if the county commissioners court "adopte[d] a resolution authorizing the fees and costs under this section for the 12-month period." Act of May 27, 1991, 72d Leg., R.S., ch. 746, § 67, 1991 Tex. Gen. Laws 2620, 2637-38. This provision required a commissioners court that desired to participate in the salary financing scheme to adopt annually a resolution authorizing collection of the fees and costs. *See Ector County v. Hollmann*, 901 S.W.2d 687, 689-91 (Tex. App.–El Paso 1995, no writ); Tex. Att'y Gen. LO-94-048, at 2. However, in 1995, the legislature amended section 51.702 to provide that a resolution approving the fees and costs "continues from year to year allowing the county to collect fees and costs under the terms of this section until the resolution is rescinded." TEX. GOV'T CODE ANN. § 51.702(g) (Vernon 1998); Act of May 10, 1995, 74th Leg., R.S., ch. 144, § 3, 1995 Tex. Gen. Laws 992, 993. Thus, since 1995, a county that wishes to continue collection of the fees and costs need not approve collection each year.

In our view, the term "initially" for purposes of section 25.0005(e) of the Government Code means the first year that a court begins collecting fees and costs under section 51.702. Undefined words and phrases in a statute must be read in context and construed according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). "Initially" ordinarily means "at the beginning, at the outset, at first." VII OXFORD ENGLISH DICTIONARY 976 (2d ed. 1989). Thus, if an action is performed a number of times, the time it is "initially" performed is the first time. Accordingly, a county complies with section 25.0005(e) of the Government Code if, in addition to other requirements, the county increased the salaries of statutory county court judges by at least $28,000 in the year that the county first began collecting fees and costs under section 51.702, even if the court reapproved collection in subsequent years.

If "initially" were read to mean each year that a county approved collection of the fees and costs after the first year, then in order to use the salary formula of subsection (e) a county would have to give its statutory county court judges a $28,000 raise each year. With such annual increases, the salaries of county court judges would quickly surpass those of district court judges who, for example, earned $92,217 from the state in 1999. *See* General Appropriations Act, Act of May 29, 1997, 75th Leg., R.S., ch. 1452, art. IV, 1997 Tex. Gen. Laws 5535, 6016. Such a result not only seems contrary to common sense, but also would be inconsistent with the purpose of subsection (e), which is to provide a salary formula that allows counties to pay judges less than the amount required by subsection (a). Subsection (a) ties county court judges' salaries closely to district judges' salaries. *See* TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon Supp. 2000) (providing that county must pay statutory county court judges a salary that is no less than $1,000 less than salary paid to district judges).

We note that the most recent amendment to subsection (e) makes no exception to the salary increase requirements for counties that have already begun to collect fees and costs pursuant to section 51.702 of the Government Code. *Id.* § 25.0005(e). In other words, if a county initially began collecting fees and costs before the effective date of the 1999 amendment, it can comply with subsection (e) only if, at that initial time, it had increased judges' salaries by at least $28,000. It may be the case that there are no counties in Texas that increased judges salaries by $28,000 when they initially began collecting fees and costs pursuant to section 51.702, since prior to the most recent amendment subsection (e) required initial increases of only $20,000 or $24,000. *See* Letter from Honorable David L. Hodges, Judge, McLennan County Court at Law, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Attorney General, at 2-3 (Aug. 31, 1999) (on file with Opinion Committee). The result may be that no counties that initially began collecting fees before the effective date of the most recent amendment are able to use the salary formula of subsection (e), but instead must use the formula of subsection (a).

While we may take into account the consequences of a particular construction of a law, *see* TEX. GOV'T CODE ANN. § 311.023(5) (Vernon 1998), we do not find this result absurd, unreasonable, meaningless or otherwise of a character that would call for a departure from the plain language of the statute. Nor do we find any evidence in the statute's legislative history that this result is contrary to the intent of the legislature. Accordingly, we conclude that a county that did not

increase the salaries of its statutory county court judges by at least $28,000 at the time the county initially began collecting fees and costs pursuant to section 51.702 of the Government Code is ineligible to use the salary formula set out in section 25.0005, subsection (e), of the Government Code.

## S U M M A R Y

A county that wishes to use the salary formula for statutory county court judges set out in section 25.0005(e) of the Government Code must, not later than September 1 of the year in which the county initially begins collecting fees and costs under section 51.702, increase the salary of each statutory county court judge in the county to an amount that is at least $28,000 more than the salary the judge was entitled to on May 1 of that year. The term "initially" for purposes of section 25.0005(e) means the very first year that a court begins collecting fees and costs upon approval of the collection by the county commissioners court pursuant to section 51.702 of the Government Code, even if the court reapproves collection in subsequent years.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee